**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**LAUENESE "TAULAGA" FA`APITO, Defendant.**

High Court of American Samoa
Trial Division

DCCR No. 156-96

June 2, 1997

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, David P. Vargas, Assistant Public Defender

ORDER DENYING MOTION TO TRANSFER
MATTER TO HIGH COURT

## Introduction

On December 11, 1996, the American Samoa Government ("ASG") filed in the District Court of American Samoa a complaint against Defendant Lauenese "Taulaga" Fa`apito ("Fa`apito"), a 16 year old juvenile, charging Fa`apito with two counts of Assault in the Third Degree, a class A misdemeanor. On January 10, 1997, Fa`apito filed a motion to dismiss the complaint in the District Court, alleging that the District Court lacked jurisdiction over the matter. The District Court heard and denied the motion on January 16, 1997. After Fa`apito raised the issue of jurisdiction on two subsequent occasions, District Court Judge John L. Ward II encouraged Fa`apito to present a motion for transfer to the High Court. On April 1, 1997, Fa`apito filed a motion in the High Court to transfer his criminal prosecution to the High Court. On May 12, 1997, the Trial Division heard arguments on the issue of whether Fa`apito could be tried in the District Court, or whether the High Court had exclusive jurisdiction over the matter.

## Discussion

Fa`apito is charged with two counts of Assault in the Third Degree, and therefore appears not to qualify for special proceedings as a "delinquent child" under the plain language of A.S.C.A. § 45.0103(9)(B)(I)[1], a

---

[1] A.S.C.A. § 45.0103(9) declares "delinquent children" to be children 10 years of age or older who has violated " (I) any federal, state or territorial law; (II) any ordinance, the penalty for which may be a jail sentence; or (III) any lawful order of the court made under this title." From this broad category, the statute excludes juvenile traffic offenders, A.S.C.A. § 45.0103(9)(C), and a narrow band of cases.
  (B) This definition does not apply to:
    (I) *children 14 years of age or older who allegedly commit crimes of violence*; or
    (II) children who within the previous 2 years have been adjudicated a delinquent child, and the act for which the child was adjudicated a delinquent would have [been] a felony if committed by an adult or punishable by a maximum punishment of life imprisonment or death;
    (III) children 14 years of age or older who allegedly commit any felony subsequent to any other felony which was the subject of a hearing in which the child was certified for criminal proceedings as an adult.

200

portion of the Juvenile Justice Act of 1980, A.S.C.A. § 45.0101, et. seq. ("JJA"). The ASG submits that a JJA petition for delinquency, with all its incidental procedural safeguards for minors, is not the appropriate way to deal with Fa`apito. Rather, the ASG contends, the ASG should be able to exercise its prosecutorial discretion to prosecute Fa`apito as an adult for a misdemeanor charge.

■ Apparently in contrast with the ASG's position, however, is A.S.C.A. § 45.0115(c)(2), which permits the Attorney General to proceed against Fa`apito as an "adult" for felony offenses. *See American Samoa Government v. Julio,* 9 A.S.R.2d. 128 (Trial Div. 1988). If A.S.C.A. § 45.0115(c)(2) allows the Attorney General such prosecutorial discretion *only* in cases involving a felony charge, then the JJA, as written, would fail to explain how to proceed against juveniles who are at least 14, but not yet 18 years of age and who have allegedly committed non-felonious crimes of violence. However, the JJA was designed to encompass any and all situations in which children break the law, and was not intended to permit certain juveniles to commit misdemeanor assaults without subjecting them to answer for their behavior through some form of adjudicatory proceeding; we must interpret certain JJA provisions in light of others to eliminate the apparent "gap" in coverage.

■ Thus, either (a) A.S.C.A. § 45.0103(9)(B)(I) implicitly only excludes from the definition of "delinquent children" those children older than 14 years of age who commit *felony* crimes of violence, or (b) A.S.C.A. § 45.0115(c)(2) does not prevent the Attorney General from charging certain children with *misdemeanors* as well as felonies, under certain circumstances, including when the child's conduct is a crime of violence. We hold that the latter is true, for the following reason:

■ While there are a number of other provisions in the JJA that talk about dealing with children as adults only in the context of felony charges,[2] the JJA expressly contemplates prosecution of children for felonies *and* misdemeanors. A.S.C.A. § 45.0142(c)(1) requires the court to seal records of a child's case if "the subject of the hearing has not been convicted of a felony or of a misdemeanor . . . ."[3] Thus, if it is legal to

---

(emphasis added). Assault in the Third Degree is a crime of violence.

[2] *See* A.S.C.A. § 45.0115(c)(1) (permitting the court to certify certain children to stand trial as adults for *felony* charges); A.S.C.A. § 45.0123 (granting the child, his parent, or his guardian the right to demand a trial by jury when the child is charged with a felony);

[3] It appears that the plain language definition of "juvenile delinquent" in A.S.C.A. § 45.0103(9) tracks the protections afforded children under the provision for sealing court records in A.S.C.A. § 45.0142(c)(1). Any child who commits a misdemeanor or felony act of violence is not a

proceed against children for misdemeanor charges, then when A.S.C.A. § 45.0115(c)(2) permits the Attorney General to charge certain children with *felonies* for, among other things, committing crimes of violence, the provision must *not* constrain the Attorney General from charging certain children with misdemeanors for committing crimes of violence.[4]

Since the Attorney General may try Fa`apito as an "adult," we hold that the High Court does not have jurisdiction over this criminal case. A.S.C.A. § 3.0208(a)(4) provides that the Trial Division of the High Court of American Samoa shall have original jurisdiction over all "juvenile cases." Though A.S.C.A. § 3.0208(a)(4) does not define the term "juvenile," we note that A.S.C.A. § 45.0115(c)(1) shows that a "child," a person under the age of 18, can be either a "juvenile" or "adult." That section states " . . . [when] the court finds it would be contrary to the best interests of the child or of the public to prosecute the child as a *juvenile*, it may enter an order certifying the child to be held for criminal proceedings as an *adult*." (emphasis added). Thus, whatever "juvenile" means in A.S.C.A. § 3.0208(a)(4), it can not mean a child who is prosecuted as an "adult."

█ In the instant case, Fa`apito is clearly a "child," but the Attorney General has decided to proceed against him as an "adult." Therefore, Fa`apito is not a "juvenile" and the High Court cannot assert jurisdiction over the matter under A.S.C.A. § 3.0208(a)(4). Furthermore, the High Court does not have jurisdiction over this case under A.S.C.A. § 45.0115(a)(1), which grants the trial division of the High Court exclusive jurisdiction over cases concerning "any delinquent child, as defined in subsections (2) and (9) of 45.0103," because, as we have stated earlier, Fa`apito is charged with a crime of violence and is excluded from the definition of "delinquent child" under A.S.C.A. § 45.0103(9)(B)(I).[5]

---

juvenile delinquent, and any child who commits a misdemeanor or felony is not entitled to have the records of the court proceedings sealed.

At the same time, we must acknowledge and can not resolve the apparent conflict with language in A.S.C.A. § 45.0115(c)(1) that suggests that a child may be "a delinquent child . . . by virtue of having committed an act which would constitute a felony if committed by an adult." The JJA is a nightmare of draftsmanship, and it is incumbent on the Fono to clarify those circumstances under which children should face the adult criminal process, as well as those circumstances under which a child should face a petition for delinquency.

[4] The JJA is a terribly drafted article, and it is incumbent on the Fono to clarify the circumstances under which children should face the adult criminal process.

[5] We note that if Fa'apito had been charged with a felony, the High Court would have jurisdiction under A.S.C.A. § 3.0208(a)(2).

Therefore, because the High Court does not have jurisdiction over this criminal case involving an "adult" and a misdemeanor crime of violence, we must deny Fa`apito's motion to transfer this matter to the High Court.

## Conclusion and Order

Accordingly, the motion to transfer the above-titled criminal case to the High Court is denied.

It is so Ordered.